HARDT, PLAINTIFF-APPELLEE, *v.* HARDT, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Mahoning County.

No. 4149.   Decided April 25, 1961.

*Mr. Lawrence J. Damore*, for plaintiff-appellee.
*Mr. John G. Ingram*, for defendant-appellant.

DONAHUE, J.   This appeal is taken on law from a judgment of the Court of Domestic Relations of Mahoning County.

Plaintiff and defendant lived together for some ten years. During this time, defendant drank heavily and more or less consistently, consuming about a case of whiskey every two weeks. This did not seem to interfere with his work to any appreciable extent.

This action was brought on the ground of extreme cruelty and the divorce was granted on that ground.   The trial court made a division of property in lieu of alimony.

Assignments of error cite the manifest weight of the evidence and abuse of discretion by the court in granting the divorce and in the division of property.

Claim is made by brief that drinking in and of itself is not extreme cruelty under the law.   With this we agree.   The record is rather slim on other facts or actions amounting to extreme cruelty.

But the record does show on page 65, that defendant himself testified as follows:

"Q. Mr. Hardt, you testified this excessive drinking—, or were you living with your wife while you were drinking this heavy?

"A. As far as I was concerned, yes.

"Q. Were you nagging or fighting with her while you were drinking?

"A. Yes."

As we said, this evidence is slim, but being the testimony of defendant himself, damaging.

And we believe, aside from the drinking, it is sufficient to uphold the court's judgment.

It is to be regretted that the record appears to show that at the time the petition was filed, defendant had voluntarily hospitalized himself for his drinking and up to the time of trial appears to have, for the first time made a successful attempt to cure himself. Apparently plaintiff has taken the position that his reformation had come too late.

We can find no abuse of discretion on the court's part in the decree of divorce or in the division of property.

We further mention that defendant had reasonable grounds for appeal and in view of the property division, have overruled plaintiff's motion for alimony in this appeal.

Judgment affirmed.

BROWN, P. J., and GRIFFITH, J., concur.